## MORSE v. CLOSE.

1. PRACTICE: EXCEPTIONS. The Supreme Court will not review rulings

Morse v. Close.

of the District Court in refusing to give instructions when no excep-
tions were properly taken to such rulings at the time they were ta-
ken.

2. SAME: MISJOINDER OF PARTIES. Objections to the joinder of parties
should be taken by the defendants in the pleadings. Such objections
will not be considered when presented for the first time in the Su-
preme Court.

*Appeal from Buchanan District Court.*

SATURDAY, OCTOBER 6.

THE material facts are sufficiently presented in the opin-
ion of the Court.

*J. M. Preston* for the appellant.

I. When one of the joint makers of a promissory note is
discharged, it operates as a discharge of all. Story Prom.
Notes. section 402, 423, 425 and 435; 1 Story Eq. Jur. 112.

II. A judgment on a joint promissory note against one of
the makers operates as a merger of the note, *Dow* v. *Rother*,
12 Ill. 373; Story Prom. Notes section 407; *Findall* v. *Ma-
hew*, 1 Scam. 138 and 562; 6 Blackf. 101; 18 John. 459;
2 Scam. 39 and 571; *Wright et al.* v. *Meridith*, 4 Ib. 361;
*Wright et al.* v. *Hoffman Ib.* 362.

*Austin Adams*, for the appellee, contended: 1. That the
common law as to the effect of a separate judgment against
one of two or more joint debtors has been changed by the
Code of 1859, Section 1816: 2. That a person acting *en
autre droit* is of a different nature from a judgment against
a person *sue juris.* 6 Iowa 247; 1 Parsons Cont. 31; 3.
That when the persons are jointly indebted, the death of one
severs the joinder; Bac. Abr. Title "Obligations" D 4; 2
Mass. 572.

BALDWIN, J.—This was an action to recover upon a joint
promissory note given by Frank Hastings, in his life time,
and Thomas W. Close, the appellant. Hastings having died
before the commencement of this suit his administrators are

made defendants with Close the appellant. Judgment by default was taken against the administrators, and upon issue joined and trial, against Close.

The first assignment of error is, that the court below refused to give certain instructions asked by defendant. It does not appear that any exceptions were taken by the appellant to the ruling of the court below. Unless such ruling was excepted to at the time and made part of the record by bill of exceptions, it will not be considered by this court. 1 Iowa 226 and 205; 2 Ib. 447.

It is also insisted that the court erred in rendering a judgment against appellant after judgment had been rendered against said administrators. The record shows that the judgment was rendered against all of the defendants at the same time. The judgment against the administrators by default, and against appellant upon the finding of the jury. No objections were made by appellant in his pleadings to a joinder of himself with the other defendants, and we think it too late to raise the question, for the first time, in this Court.

It is further claimed that the court erred in rendering judgment against the administrators. They do not complain. Close alone appeals.

Judgment affirmed.