Steven SALTER, Plaintiff-Appellee,

v.

FREIGHT SALES COMPANY, a Corporation, and Richard Van Arsdel, Defendants-Appellants.

No. 83–1067.

Court of Appeals of Iowa.

Sept. 6, 1984.

James Gran and F. Joseph DuBray of Shull, Marshall & Marks, Sioux City, for defendants-appellants.

Alice Horneber and G. Daniel Gildemeister of Margolin, Gildemeister & Willia, Sioux City, for plaintiff-appellee.

Heard by SNELL, P.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

Defendants appeal from a judgment for plaintiff for wages withheld, liquidated damages, and attorney fees in this action brought under Iowa Code chapter 91A (1981).

Plaintiff was employed as the manager of one of defendant Freight Sales Company's furniture stores. Defendant Van Arsdel is the president and majority shareholder of the company. Plaintiff was paid on a commission basis, receiving a nine percent commission on sales he made and a three percent commission on sales made by his subordinates.

On January 11, 1981, the furniture store was burglarized. A bank bag containing $5,061.31 was taken from plaintiff's locked desk drawer. Plaintiff testified that since he was unable to make a night bank deposit he would ordinarily have taken the money home, but that he did not do so on that occasion because he was not going directly home from work. Beginning on February 1, 1981, defendants reduced plaintiff's commission rate by one percent. In August or September of the same year the commission rate was restored to the original nine percent. The total amount of compensation plaintiff lost was $5,166.54.

Plaintiff left defendants' employ several months after his commission rate had been returned to normal. He subsequently filed this action under the Iowa Wage Payment Collection Law for the amount withheld from his salary. The district court found in favor of plaintiff, awarding $5,166.54 for withheld wages, $5,166.54 liquidated damages, and attorney fees of $1,293.75.

On appeal defendants assert: (1) the trial court erred in applying chapter 91A to a situation where an employee's compensation rate was modified; (2) plaintiff waived his right to complain of the wage reduction by continuing to work for defendants; (3) the trial court should have granted defendants' motion to reopen the trial for the purpose of offering an exhibit which had been inadvertently omitted at trial; (4) the trial court erred in not allowing defendants to assert a counterclaim; and (5) judgment

should not have been entered against Van Arsdel individually for actions taken as a corporate officer. Plaintiff has requested attorney fees on appeal.

Our review of this action at law is on assigned error. Iowa R.App.P. 4. The trial court's findings of fact have the effect of a special verdict and are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1). The record is reviewed in the light most favorable to the judgment; ambiguities are construed to uphold rather than defeat the judgment. *Moody v. Bogue*, 310 N.W.2d 655, 658 (Iowa Ct. App.1981).

I. *Applicability of Iowa Code Chapter 91A.* Iowa Code section 91A.5 provides in part:

2. The following shall not be deducted from an employee's wages:

\* \* \* \* \* \*

c. Losses due to breakage, lost or stolen property, unless such tools and equipment are specifically assigned to and their receipt acknowledged in writing by the employee from whom the deduction is made, damage to property, default of customer credit, or nonpayment for goods or services rendered so long as such losses are not attributable to the employee's willful or intentional disregard of the employer's interests.

"Wages" is defined in section 91A.2(4) as "compensation owed by an employer." Defendants argue that plaintiff was an employee at will whose employment contract could be modified at any time. They assert that the reduction of plaintiff's commission was a valid modification of his contract which he chose to accept by continuing in defendants' employ. Therefore, there was no deduction of compensation owed to plaintiff; all of the compensation to which plaintiff was entitled pursuant to the terms of the modified contract was paid to him.

■ There is authority to support the proposition that an employment contract terminable at will is subject to modification by either party, and that an employee's decision to continue to work, knowing the new terms, results in the employee's acceptance of the modification as a matter of law. *Janda v. Iowa Industrial Hydraulics, Inc.*, 326 N.W.2d 339, 341 (Iowa 1982); *Moody v. Bogue*, 310 N.W.2d 655, 660–61 (Iowa Ct.App.1981). However, the facts of this case show that there was in fact no good faith modification of the employment contract. The asserted "modification" reducing plaintiff's commission and the later "modification" restoring the original commission was clearly an attempt to circumvent the plain language of the statute.

■ Defendants argue that their actions were not prompted by the burglary. They claim the reduction in plaintiff's compensation was due to a reduction in his duties and the necessity of hiring a bookkeeper at plaintiff's store. At trial the evidence showed that bookkeepers were hired and were paid approximately $3,000. There is substantial support, however, for the trial court's finding that the reduction of plaintiff's salary was directly related to the burglary. Most revealing of defendants' intentions is plaintiff's exhibit 2, a printed ledger sheet prepared by defendants' secretary and sent to plaintiff to show the weekly deductions from his wages. Exhibit 2 begins "cash short—$5,061.31." On the second page of the exhibit the final figure in parenthesis is $105.23, the exact amount by which the deductions exceeded the amount of money stolen from the store.

■ We in no way imply that employers and employees cannot modify the terms of employment contracts. But when the alleged modification is so obviously an attempt to do what is prohibited by statute, we will disregard the name given to the transaction and look at its substance. Defendants' actions in this case were nothing more than an attempt to deduct the burglary loss from plaintiff's wages in contravention of Iowa Code section 91A.5(2)(c).

■ There is substantial evidence to support the trial court's findings that there was no evidence of any written authorization from plaintiff for the deduction, *see* Iowa Code section 91A.5(1)(b), and that

there was no evidence of plaintiff's willful or intentional disregard of defendants' interests. *See* Iowa Code section 91A.5(2)(c).

Therefore, we agree with the trial court's conclusion that chapter 91A of the Code is applicable to this case.

II. *Waiver and Estoppel.* Defendants assert that plaintiff assented to the deductions from his wages by continuing his employment. They argue that he either waived the right to later complain about the deductions or is estopped from doing so. We do not agree with this contention.

In *Davenport Osteopathic Hospital Association v. Hospital Service, Inc.,* 261 Iowa 247, 254–55, 154 N.W.2d 153, 158 (1967), the supreme court held that a hospital which elected to stand by a contract and seek recovery for its breach did not assent to modification of the contract and was not estopped to challenge its breach by failing to terminate the contract and continuing to accept payments under the formula in the proposed modification.

 We find nothing in chapter 91A which indicates that an employee faced with the prospect of illegal salary deductions forfeits the remedy provided by statute if he does not immediately quit his job. Plaintiff testified that he did not agree to the deductions but continued working because it was the only way he could support his family at that time. We do not believe that plaintiff's conduct impliedly waived his right to pursue his statutory remedy.

III. *Motion to Reopen Trial.* During the trial defendants' sales manager testified that he informed plaintiff verbally of the reduction of his commission and also had the information listed on a sheet of yellow paper. The witness admitted that plaintiff did not sign the paper. The day following the conclusion of the trial defendants filed a motion to reopen the trial to admit into evidence this sheet of paper which they had inadvertently failed to offer as an exhibit. After a hearing the trial court denied the motion.

 Trial courts enjoy a wide discretion in reopening a case for reception of additional testimony. *Davidson v. Van Lengen,* 266 N.W.2d 436, 440 (Iowa 1978). We cannot say the trial court abused its discretion in this case. The information on the paper was cumulative of testimony already in evidence. The fact that plaintiff's commission was reduced by one percent was not disputed. Admittedly the sheet of paper did not shed any light on the question of whether plaintiff agreed to the reduction. Therefore, the trial court did not abuse its discretion in denying the motion to reopen the trial.

IV. *Counterclaim.* At trial defense counsel cross-examined the plaintiff as follows:

MR. CHWIRKA: Q. The month of September, 1981, do you recall taking some furniture home from the store?

MR. GILDEMEISTER: Just a minute, Mr. Salter. Before you answer that, Your Honor, I object to the question as being irrelevant and immaterial to any issue in this case. There are no counterclaims on file nor are there any claims for offset.

THE COURT: Mr. Chwirka?

MR. CHWIRKA: Well, we appreciate that, but I think we're entitled to ask him if he still owes on some furniture.

THE COURT: What would that have to do with this case?

MR. CHWIRKA: I think if there is any award, I think it ought to be taken off regardless. I think the Court should consider that.

Defendants claim that this colloquy was *"in effect"* a motion for leave to amend their answer to assert a permissive counterclaim and that the trial court erred in failing to allow the amendment.

 A trial court may not be put in error unless the issue was presented for a ruling. *Linge v. Ralston Purina Co.,* 293 N.W.2d 191, 195 (Iowa 1980). The statements of defense counsel above are insufficient to alert the trial court of the contention defendants now assert on appeal. *See State v. Fitz,* 265 N.W.2d 896, 900 (Iowa 1978). Defendants never specifically re-

quested to amend their pleadings, but rather admitted that no counterclaim was on file. The trial court obviously ruled only on the relevancy of the question asked to the case as it stood; the trial court was not asked to rule on amending the pleadings to add new issues to the case.

Even if error was preserved on this issue, however, the trial court has considerable discretion in determining whether a request for leave to amend should be granted or denied. *Atlantic Veneer Corp. v. Sears,* 232 N.W.2d 499, 503 (Iowa 1975). Since defendants had ample opportunity before trial to amend the pleadings and the requested amendment was not based on any new information brought to their attention at trial, we could not say the trial court would have abused its discretion in denying an amendment if one had been requested. *Mora v. Savereid,* 222 N.W.2d 417, 422–23 (Iowa 1974).

V. *Liability of Van Arsdel.* Defendant Van Arsdel claims that since he was acting in his capacity as president of the corporation, he could not be held individually liable for his actions. The record reveals that this issue was not raised in the pleadings, in defendants' brief submitted after the trial, or in defendants' motion for a new trial, nor was the issue raised by defendants at trial in any way. A party's objection that he was improperly joined as a defendant cannot be considered for the first time on appeal. *Mitchell v. Pinckney,* 127 Iowa 696, 700–01, 104 N.W. 286, 288 (1905); *Morse v. Close,* 11 Iowa 93, 95 (1860).

Van Arsdel argues that under Iowa Rule of Civil Procedure 179(b) he can challenge on appeal the sufficiency of the evidence to support a finding of fact by the trial court without having objected to that finding. He challenges the trial court's finding: "Plaintiff had been hired by Defendants in August of 1979 as an assistant manager to a small retail furniture outlet in Sioux City, Iowa." There is substantial evidence in the record that both defendants were involved in the hiring process. This finding does not bring into issue the question of the liability of a corporate officer and owner for his decisions. Therefore, Van Arsdel cannot, by challenging this finding of the trial court, excuse his failure to raise the question of the propriety of a judgment against him individually at any time during the proceedings before the trial court.

VI. *Attorney Fees on Appeal.* Iowa Code section 91A.8 authorizes recovery of "any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary." The trial court awarded plaintiff $1,293.75 in attorney fees. Plaintiff has requested an additional award to recover fees incurred in this appeal. Since we have no record before us of those fees, we remand the case to the trial court for a determination of the usual and necessary fees incurred in this appeal. *See Maday v. Elview-Stewart Systems Co.,* 324 N.W.2d 467, 471 (Iowa 1982).

AFFIRMED AND REMANDED.

SNELL, P.J., concurs.

SACKETT, J., dissents.

SACKETT, Judge (dissenting).

I find that the employment agreement between Salter and Freight Sales was an oral agreement terminable at will. The agreement was modified after the theft loss and applied to future services. Salter worked under the new agreement and accepted the new commission without comment. The trial court was incorrect in applying § 91A.2(4). "[A]n employment contract terminable at will is subject to modification at anytime by either party as a condition of its continuance." *Moody v. Bogue,* 310 N.W.2d 655, 660–661 (Iowa Ct. App.1981). The employee's only alternative is to accept the new conditions or quit; an employee's decision to continue to work, knowing the newly proposed terms, results in the employee's acceptance as a matter of law. *Id.* at 661.

I would reverse.