**Glenn C. JACKSON, Plaintiff-Appellant,**

v.

**CITY OF OTTUMWA, Iowa,
Defendant-Appellee.**

**No. 85–1453.**

Court of Appeals of Iowa.

Sept. 25, 1986.

David J. Hester of Johnson, Bauerle, Hester & Walter, Ottumwa, for plaintiff-appellant.

William R. Dew of Dew & Kintigh, Ottumwa, for defendant-appellee.

Considered by OXBERGER, C.J., and SNELL and SACKETT, JJ.

SNELL, Judge.

The plaintiff, Glenn C. Jackson, was employed by the City of Ottumwa, Iowa, for thirty-two years, the last seventeen of which as that city's deputy health officer. During his employment with the City of Ottumwa, Jackson was not subject to a collective bargaining agreement. His employment was an appointive position and

was governed by the city's personnel rules and related resolutions passed by the city council.

On July 15, 1983, Jackson left that employment and soon after accepted a similar position with the City of Council Bluffs, Iowa. Upon leaving his employment with the City of Ottumwa, Jackson made a claim for, among other benefits, unused sick leave in the amount of $10,621.25. Although the city admitted that Jackson was entitled to several of the benefits he claimed, they denied that he was entitled to compensation for the unused sick leave. In addition, the city refused to pay him the benefits that it acknowledged owing him. Jackson then filed this action pursuant to Iowa Code Chapter 91A, the Iowa Wage Payment Collection Law.

The district court awarded Jackson those benefits which the city had acknowledged being due, but denied him the unused sick leave benefits. The district court also awarded Jackson attorney's fees in an amount prorated to his successful claims. Jackson's timely notice of appeal followed. Our review is limited to the correction of errors at law. Iowa R.App.P. 4. The district court's findings of fact are binding upon us if supported by substantial evidence. Iowa R.App.P. 14(f)(1).

█ Jackson first maintains that the district court erred when it concluded that he was not entitled to a lump sum payment of accrued sick leave. Specifically, Jackson argues that the city discriminated against him in its application of a 1967 city council resolution dealing with the payment of accumulated sick leave benefits. That resolution, in pertinent part, states as follows:

BE IT RESOLVED BY THE CITY COUNCIL OF THE CITY OF OTTUMWA, IOWA, that when an employee of the City of Ottumwa retires under Social Security from the services of the City of Ottumwa, the employee shall be paid one-half of his accumulated sick leave earned, to a maximum of sixty (60) days.
BE IT FURTHER RESOLVED, that Fire and Police personnel who retire from the services of the City of Ottumwa under

the pension plan as spelled out by State law, shall be paid one-half of his accumulated sick leave earned, to a maximum of sixty (60) days.

The city contends that this resolution, and the uniform practice that has interpreted and applied it, requires that a city employee be eligible for social security in order to be "retired" for purposes of receiving accumulated sick leave unless the employee is a police or fire officer covered by Iowa Code section 411 or is covered by a collective bargaining agreement superseding this resolution. Jackson argues that the resolution relied upon by the city was abandoned and that the city's practice is to allow the accumulated benefits to be paid regardless of a person's receipt of social security benefits. Consequently, Jackson contends, the city unjustifiably discriminated against him when it refused his claim for unused sick leave. The district court concluded that Jackson failed to establish this claim. We agree.

Jackson failed to produce any evidence of city administrative employees who were allowed their accumulated sick leave without first becoming eligible for social security benefits or, in the case of police of fire officers, for retirement under Iowa Code section 411. Although the City of Ottumwa has no expressed definition of "retirement" in its personnel rules, the 1967 city council resolution and the practice with which it has been applied require that, in order to receive the benefit Jackson claims here, he be eligible for either social security or Chapter 411 retirement. That requirement has apparently been consistently applied. Jackson has not shown that he was treated any differently.

Jackson next contends that the district court erred in not awarding him liquidated damages under Iowa Code sections 91A.7 and 91A.8. The former section reads as follows:

If there is a dispute between an employer and employee concerning the amount of wages or expense reimbursement due, the employer shall, without condition and pursuant to section 91A.3, pay all wages

conceded to be due and reimburse all expenses conceded to be due, less any lawful deductions specified in section 91A.5. Payment of wages or reimbursement of expenses under this section shall not relieve the employer of any liability for the balance of wages or expenses claimed by the employee.

Section 91A.8 provides, in pertinent part, that if it "has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses ... whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for ... liquidated damages...."

Our supreme court has said that in interpreting section 91A.8, we are to be guided by the following considerations:

Under a statute which fixes a penalty for failure to pay wages promptly on termination of employment, the employer incurs no penalty if at the time of termination there was an honest dispute between the employer and the employee as to the amount due, especially if the employer was correct in his assertion of the amount actually due. Moreover, it has been held that an employer does not incur a penalty for failure to pay wages at termination until the amount due is ascertainable by the exercise of reasonable diligence, so that no penalty accrues against an employer in favor of a discharged employee who is indebted to the employer for money of the employer in the employee's hands but not turned over to the employer or accounted for by the employee.

A statute which penalizes an employer who "wilfully" fails to pay wages on discharge or termination of employment penalizes only those employers who do not pay even though they know that the compensation is due. Hence, a good-faith dispute as to whether any wages are due is a defense to an action for such penalties.

*Halverson v. Lincoln Commodities, Inc.,* 297 N.W.2d 518, 523 (Iowa 1980), quoting 48A Am.Jur.2d, Labor and Labor Relations, § 2617.

The district court made the following finding of fact with respect to the vacation pay which was owed to Jackson by the city:

7. The evidence clearly indicates that even though the vacation pay was not in dispute, the City refused to pay it when the initial request was filed, or at later times when demand was made. The failure was the result of a poor decision rather than an intentional denial of the payment.

The court's finding that, notwithstanding multiple requests, the city refused to pay the vacation benefit which it acknowledged owing Jackson is supported by substantial evidence in the record. We think, however, that the district court's distinction between "a poor decision" and "an intentional denial of payment" is based upon an erroneous interpretation of the above-noted statutes and case law. The city knew that it owed Jackson the vacation pay he claimed. In face of this admission, the city contends that the failure to pay was due to the fact that it was more convenient for them to wait until the other claims were settled. We think this is an insufficient defense. Accordingly, an award of liquidated damages to Jackson is appropriate. Pursuant to Iowa Code section 91A.2(6) (1985), the amount awarded as liquidated damages is the lesser amount as between the unpaid wages or five percent of the unpaid wages multiplied by the total number of days, excluding Sundays, legal holidays, and a seven-day grace period, during which the wages were not paid. In the present case, the former amount, $2,549.10, is the lesser and we consequently award Jackson liquidated damages in that amount in addition to the damages awarded by the district court.

Jackson also argues that the district court erred when, having found the attorney's fees submitted by him to be usual, reasonable, and necessary, it reduced those fees to an amount proportional to his successful claims. Jackson's contention is that the court's finding that attorney's fees in the amount of $3,267.40 were usual and

necessary mandated an award of attorney fees in that amount.

 Iowa Code section 91A.8 provides for damages recoverable by an employee under the Iowa Wage Payment Collection Law. It reads as follows:

> When it has been shown that an employer has intentionally failed to pay an employee wages or reimburse expenses pursuant to section 91A.3, whether as the result of a wage dispute or otherwise, the employer shall be liable to the employee for any wages or expenses that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any attorney's fees incurred in recovering the unpaid wages and determined to have been usual and necessary. In other instances the employer shall be liable only for unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses.

According to this section, an employee who is successful in his suit under this chapter may receive, in addition to the unpaid wages, expenses, and court costs, "usual and necessary attorney's fees *incurred in recovering the unpaid wages or expenses*" (emphasis added). Similarly, if an employee shows that his employer intentionally withheld payment, the employee may receive "any attorney's fees *incurred in recovering the unpaid wages and* determined to have been usual and necessary" (emphasis added). As we read these provisions, the attorney's fees recoverable by a successful employee under this section are only those incurred in recovering any unpaid wages or expenses for which the employer has been held liable. This section does not make an employer liable for attorney's fees connected with the advancing of related, though unsuccessful, claims even though those expenses may be found to be usual and necessary with respect to those claims. We do not think the district court erred when it reduced Jackson's recovery of attorney's fees.

 Finally, Jackson asks us for an award of attorney's fees incurred in this appeal. We have authority to make such an award pursuant to Iowa Code section 91A.8 as interpreted by *Salter v. Freight Sales Company,* 357 N.W.2d 38, 43 (Iowa Ct.App.1984). We have noted above, however, that our authority to award attorney's fees under this statute is limited to those fees connected with recovering unpaid wages and expenses for which the employer was held liable. The present appeal has not found the City of Ottumwa to be liable for additional unpaid wages or expenses. Consequently, the attorney's fees involved here have not been "incurred in recovering ... unpaid wages...." Jackson's request for attorney's fees associated with this appeal is therefore denied.

AFFIRMED AS MODIFIED.