Charles L. BURNS and Delores C. Fitzgerald, Appellants,

v.

Stephen L. RODRIQUEZ and Lowell R. Craven, Appellees.

No. 88–646.

Court of Appeals of Iowa.

Oct. 5, 1989.

Ann Fitzgibbons of Scalise, Scism, Sandre & Uhl, Des Moines, for plaintiffs-appellants.

Jon Vasey of Christianson, Hohnbaum & George, Des Moines, for defendants-appellees.

Heard by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Appellant, Charles Burns, appeals from a jury verdict finding him to be 30% negligent in an automobile collision. He contends that the trial court erred in the following respects: (1) in overruling his motion for production of documents; (2) in not granting him leave to amend his answer; (3) in denying his motion for summary judgment; and (4) in its instructions to the jury. We affirm in part, reverse in part, and remand.

Charles Burns was one of the drivers involved in a two-car collision in West Des Moines on December 26, 1985. Burns and a passenger in his car, Delores Fitzgerald, were injured in the accident. The second car was driven by Stephen Rodriquez and owned by Lowell Craven. Burns and Fitzgerald filed a joint petition for damages against Rodriquez and Craven, who coun-

terclaimed for contribution against Burns, alleging that Burns' negligence was a proximate cause of the injuries sustained by Fitzgerald. Shortly before the case came to trial Burns and Fitzgerald settled each of their claims against each of the defendants and were paid their respective settlements. The only issue remaining was whether Burns was liable for any contribution.

Appellant was represented by separate counsel on the contribution claim. The settlement agreement was reached on March 30, 1988. On April 1st, appellant filed a motion for production of documents wherein he sought settlement documents and releases between the various parties. He also filed a motion for leave to amend answer on the same date. Both motions were denied by the trial court, as was a motion for summary judgment. A jury subsequently returned a verdict finding Burns to be 30% negligent and Rodriquez to be 70% negligent.

## I.

■ We review on errors. Iowa R.Civ.P. 4. The discovery rules are to be liberally construed in order to effectuate the disclosure of relevant information to the parties. *Agrivest Partnership v. Central Iowa Prod. Credit Ass'n,* 373 N.W.2d 479, 482 (Iowa 1985). The district court "has wide discretion in ruling upon the discoverable nature of requested information and will not be reversed unless an abuse of discretion is found." *Pollock v. Deere and Co.,* 282 N.W.2d 735, 738 (Iowa 1979). A party seeking to thwart a discovery request may do so "by establishing that the material sought is privileged or irrelevant." *Agrivest,* 373 N.W.2d at 482. The district court ruled that the releases and settlement documents were irrelevant. We disagree.

In *Aid Ins. Co. v. Davis County,* 426 N.W.2d 631, 632 (Iowa 1988), the Iowa Supreme Court held that "the plaintiff seeking contribution must establish that the defendant's liability to the injured parties has been discharged." The court went on to note:

In our interpretation of section 668.7, we favor a rule which would require *a written release to include some specific identification of the tortfeasors to be released in order for them to be discharged.* While the easier course would require naming these parties, we would not require such a rigid rule if they are otherwise sufficiently identified in a manner that the parties to the release would know who was to be benefited.

*Id.* at 633 (emphasis added). Therefore, the release and settlement documents between appellees and Delores C. Fitzgerald are highly relevant in ascertaining whether Delores discharged appellant's liability to her. As such, the trial court's grounds for denial of appellant's motion constitute an abuse of discretion. In due deference to the trial court, however, we note that *Davis County* was decided shortly after its decision in this case.

## II.

■ Appellant also contends that the trial court erred in not granting him leave to amend his answer. A trial court has considerable discretion in determining whether a motion for leave to amend pleadings should be sustained or overruled. *Salter v. Freight Sales Co.,* 357 N.W.2d 38, 43 (Iowa App.1984). Appellant sought to amend his answer three days prior to trial in order to assert as a new affirmative defense that appellees' settlement with him acted as a bar to any claim appellees had against him for contribution. This new affirmative defense would have changed the issues involved in the case on the eve of trial. As the Iowa Supreme Court noted in *Ackerman v. Lauver,* 242 N.W.2d 342, 345 (Iowa 1976):

Amendments may be allowed at any time before the case is finally decided, even after completion of the evidence; but they should not be allowed under Rule 88 after a responsive pleading has been filed, if they substantially change the issues.

Central to our determination here is that appellant's avowed defense was one not heretofore recognized under Iowa law. Appellant argued that appellees' settlement

with him on his personal injury claim acted as a bar to their action for contribution. Iowa Code section 668.5(2) (1987), however, provides:

> Contribution is available to a person who enters into a settlement with the claimant only if the liability of the person against whom contribution is sought has been extinguished and only to the extent that the amount paid in settlement was reasonable.

Under this subsection, as long as the appellant's liability to Delores had been extinguished by the settlement between Delores and appellees and the amount of the settlement was reasonable, appellees could seek contribution from appellant. Appellant's novel defense was therefore baseless, and the trial court did not abuse its discretion in denying appellant's motion for leave to amend its answer.

### III.

■ Appellant further contends that the trial court erred in denying his motion for summary judgment. Appellant asserts that appellee Rodriquez's conviction for the offense of failure to yield the right-of-way constitutes issue preclusion as to the issue of Rodriquez's liability. We find his arguments on this issue to be meritless.

Iowa Code section 321.489 (1987) provides that "[n]o record of the conviction of any person for any violation of this chapter shall be admissible as evidence in any court in any civil action." In *Berding v. Thada*, 243 N.W.2d 857, 860 (Iowa 1976), the Iowa Supreme Court held that to give res judicata effect to a conviction under Chapter 321 "would be to disregard specific statutory direction and render impotent a provision of our codified law." As such, Rodriquez's conviction under Chapter 321 could not be used for res judicata purposes. We find that the trial court correctly denied appellant's motion for summary judgment.

### IV.

■ Finally, appellant asserts that the trial court erred in its instructions to the jury. First, appellant contends that instructions 10, 11, 12, and 13 were cumulative and repetitive. We disagree. A trial court has the duty to fully instruct the jury upon issues which it must decide, whether requested to do so or not. *Elkader Coop. Co. v. Matt*, 204 N.W.2d 873, 876 (Iowa 1973). Instructions should not unduly emphasize any particular phase of the case. Even correct statements may then constitute reversible error. *Hoyt v. Chicago, Rock Island and Pac. R.R.*, 206 N.W.2d 115, 120 (Iowa 1973).

We have examined the instructions in their entirety and find no merit in appellant's assertions. Each of the aforementioned instructions relates to a different subsection of Chapter 321; instruction no. 10 relates to Iowa Code section 321.285(7) (1987); instruction no. 11 pertains to Iowa Code section 321.288(1) (1987); instruction no. 12 concerns Iowa Code section 321.288(2)(c) (1987); and instruction no. 13 pertains to Iowa Code section 321.285 (1987). The only repetition between these instructions is that instruction no. 10 and instruction no. 13 both relate to section 321.285. However, they instruct as to different provisions of that section. Therefore, we find no merit in appellant's complaint as to these instructions. Likewise, we find no merit in his objection to the marshaling instruction, instruction no. 17.

■ Appellant further contends that the trial court's statement of facts and issues was improper because it did not contain a statement that appellee Rodriquez had admitted his negligence. While the statement of facts does not explicitly recount Rodriquez's negligence, it does contain a statement that appellees had settled with Delores. This statement constitutes an implicit assertion of negligence on appellees' part. Therefore, we find no error on this point.

Finally, appellant argues that the trial court committed error by using the term "fault" rather than "negligence" in instruction no. 14, when referring to the fact that appellee Rodriquez admitted he had failed to yield the right-of-way. Jury instructions must be read together and related to each other in order to determine the rights of the parties. *Miller v. International Har-*

*vester Co.,* 246 N.W.2d 298, 306 (Iowa 1976). Instruction no. 15 states: "In these instructions I will be using the term 'fault.' Fault means one or more acts or omissions towards the person of another which constitutes negligence." Record at 75. When instruction no. 14 and no. 15 are read together, they correctly put forth the applicable law. Therefore, we find no error in the instructions given by the trial court.

V.

Since we have found no error in the trial proceedings, we remand the case solely for the purpose of ascertaining whether the release between appellees and Delores includes some specific identification of the tortfeasors to be released. *See Davis County,* 426 N.W.2d at 633. If the trial court finds that the release contains the requisite identification of tortfeasors, it shall enter judgment for appellees. However, if the release fails to sufficiently identify appellant as a released party, then the trial court shall dismiss this case.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.