CARSON GRAIN & IMPLEMENT, INC., Appellee,

v.

Wayne E. DIRKS, Appellant.

No. 89–534.

Court of Appeals of Iowa.

June 26, 1990.

Stanley A. Roush, Cedar Rapids, for appellant.

Jon M. McCright of Fisher, Ehrhart, McCright & Turner, Cedar Rapids, for appellee.

Considered by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

HAYDEN, Judge.

In 1984, Wayne E. Dirks rented 140 acres of farmland. The land was in two parcels of 100 acres and 40 acres. Dirks plowed, disked, and planted both parcels in beans. After planting, Dirks contacted Ed Carson of Carson Grain and Implement, Inc. (Carson Grain) to provide weed control. Dirks requested his fields be sprayed with postemergence chemicals because a good friend of his had been successful with this type of weed control. Carson Grain agreed. Although both parcels were eventually sprayed with Poast and Basagran, the 40 acres was not treated when the larger parcel was. When this was discovered, later in the growing season, the 40 acres was sprayed with both chemicals. Carson Grain presented Dirks with a billing statement and Dirks refused to pay, claiming the spraying was ineffective. The billing statement stated a finance charge would be applied to a balance remaining after thirty days.

In September 1985, Carson Grain filed its petition seeking recovery on the oral contract to spray the farm. Following trial, the district court concluded that the chemicals charged in the bill were used and the price charged was fair and reasonable. The court also determined Carson Grain was entitled to its service charge. Judgment was entered against Dirks for $17,882.27 plus one and one-half percent interest per month on the unpaid balance from November 7, 1988, as well as statutory interest. Dirks has appealed.

Dirks raises as error the trial court's determination Carson Grain was entitled to payment for services rendered. He argues Carson Grain's failure to effectively perform its duty to spray both parcels was a material breach of the contract and all Carson Grain is entitled to is payment for the fertilizer fee. In the alternative, appellant asserts if Carson Grain is allowed recovery, it should be limited to payment for those chemicals which were applied in a timely fashion. Finally, Dirks maintains he should not be ordered to pay interest in the form of a finance charge for past due accounts.

We affirm in part, reverse in part, and remand.

■ In this appeal, Dirks raises the issue of Carson Grain's breach of contract due to failure to effectively perform the spraying contracted for. Although Dirks raised this issue in a counterclaim, he subsequently dismissed this counterclaim, with prejudice, on November 15, 1988.

It is well settled a trial court may not be put in error unless the issue was presented for a ruling. *Salter v. Freight Sales Co.,* 357 N.W.2d 38, 43 (Iowa App.1984), citing to *Linge v. Ralston Purina Co.,* 293 N.W.2d 191, 195 (Iowa 1980). Because Dirks' dismissal deprived the trial court of an opportunity to rule on this issue, he did not preserve it for consideration by this court.

■ Appellant's second issue in this appeal asserts if we allow any recovery at all, it should only be for those chemicals applied in a timely manner. We do not agree.

When a trial court allows recovery in a law action tried to the court, the reviewing court will not interfere unless the judgment is unsupported by substantial evidence. *Byers v. Contemporary Industries Midwest,* 419 N.W.2d 396, 397 (Iowa 1988). The trial court's findings of facts are binding on the reviewing court if supported by substantial evidence. Iowa R.App.P. 14(f)(1). A finding of fact is supported by substantial evidence if that finding may be reasonably inferred from the evidence. *Hubby v. State,* 331 N.W.2d 690, 694 (Iowa 1983).

There is substantial evidence in the record to support the finding the charges for these chemicals and services were fair and reasonable. The trial court found both

parcels were in fact sprayed with Basagran and Poast, although the 40–acre parcel was sprayed with both chemicals later. Carson Grain did provide actual delivery, and performance of the terms of its obligation under the contractual agreement. Several witnesses testified the charges for the chemicals and services were the normal charges for the year 1984. The trial court was correct in concluding the amounts charged were reasonable.

■ The trial court awarded Carson Grain a judgment in the amount of $17,822.27 plus one and one-half percent interest on the unpaid balance from November 7, 1988 (the date of the trial), as well as statutory interest. We reverse and remand to the trial court to enter a judgment in accordance with this opinion.

Iowa Code section 535.3 establishes the rate of interest on judgments and decrees. We set out the applicable portion as follows:

> Interest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year, unless a different rate is fixed by the contract on which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract, not exceeding the maximum applicable rate permitted by the provisions of section 535.2, which rate must be expressed in the judgment or decree. The interest shall accrue from the date of the commencement of the action.

Iowa Code section 535.11(4) allows a creditor to charge a finance charge on the unpaid balance of an open account receivable at a rate in accordance with that section if the creditor complies with the notice provisions of section 535.11(2)(b). Section 535.11(4) is as follows:

> With respect to an open account, the creditor may impose a finance charge not exceeding that permitted by section 537.2202, subsections 2 and 3.

We recite section 535.11(2)(b) as follows:

> In a transaction that is not subject to the Truth in Lending Act, the creditor shall give written notice to the debtor at the time the debt arises. The notice shall be contained on the invoice or bill of sale evidencing the credit transaction, and shall disclose the rate of the finance charge and the date or day of the month before which payment must be received if the finance charge is to be avoided. With respect to open accounts, this notice shall be given at the time credit is initially extended; provided that additional advance notice in writing shall be given to the debtor not less than ninety days prior to any change in the terms of the agreement or of rate of the finance charge or date payment is due. For purposes of this paragraph, notice is given if the invoice or bill of sale is delivered with the goods, whether or not the debtor is present at the time of delivery.

We observe Iowa Code section 537.2202(3) permits a finance charge for a consumer credit sales pursuant to open-end credit in an amount not to exceed an amount equal to one point sixty-five percent, if the billing cycle is monthly.

Here, Carson Grain complied with the notice requirement of section 535.11(2)(b). The notice was stamped on each bill Dirks received. It disclosed the monthly rate of one and one-half percent interest charge as well as the fact this charge would be applicable on accounts thirty days past due. The interest rate of one and one-half percent monthly does not exceed the amount authorized in section 537.2202(3).

■ Therefore, Carson Grain is entitled to a finance charge of one and one-half percent interest per month on the accrued unpaid balance of Dirks' open account. Iowa Code section 535.11(7) provides:

> The finance charge authorized by this section is in lieu of interest or a finance charge authorized under section 535.2, subsection 1 *or any other provision of law. The rate of finance charge imposed pursuant to this section is applicable to a judgment in an action on the account, notwithstanding section 535.3.* (Emphasis added.)

As can clearly be seen, the one and one-half percent interest per month finance charge

applies to the judgment on Dirks' account. We hold Iowa Code section 535.11(7) supersedes and preempts Iowa Code section 535.3 in this instance. We affirm the trial court on this issue.

In addition to the interest of one and one-half percent, the trial court imposed statutory interest pursuant to Iowa Code section 535.3. We have held above section 535.11(7) supersedes and preempts section 535.3. We have been unable to find any Iowa cases addressing this issue. We believe it to be a case of first impression in this jurisdiction. We determine and interpret our legislature did not intend for a judgment debtor be taxed double interest rates on a judgment. This amounts to an award of double interest. It is duplicative and an unwarranted windfall to judgment creditors. We refuse to uphold it. Therefore, the statutory interest is deleted from the judgment. *See Drovers Bank of Chicago v. National Bank & Trust*, 829 F.2d 20, 21–23 (8th Cir.1987). We reverse the trial court on this issue and remand to enter judgment accordingly.

Costs of this appeal shall be assessed one-half to the appellee and one-half to the appellant.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.