Connie MARTIN; Keith Wilson; Evelyn Wilson; George Parsons; Betsy Parsons; A.W. Tauke; David J. Ryan; and Annie Wilson, Brandon Wilson, Sonja Wilson, and Ryan Wilson, Minors, by Their Next Friend Keith Wilson, Appellants,

v.

RAYTHEON COMPANY, A Corporation, and Amana Refrigeration, Inc., A Corporation, Appellees.

No. 91–1243.

Supreme Court of Iowa.

March 24, 1993.

Rehearing Denied April 19, 1993.

Gary R. Fischer and Michael M. Sellers of Dreher, Wilson, Simpson, Jensen, Sellers, Harvey, Butters, Adams & Kaiser, P.C., Des Moines, for appellants.

Stephen J. Holtman, Richard G. Hileman, Jr., and James M. Peters of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and NEUMAN, JJ.

LARSON, Justice.

This appeal and cross-appeal challenge an order of the district court certifying a class action under Iowa Rules of Civil Procedure 42.2–.6. The representative plaintiffs complain that the court erred in denying certification of a class beyond Iowa. The defendants assert that the court erred in certifying a statewide class without a specific request from the plaintiffs and in expanding the scope of the action to include additional related products. We affirm on both appeals.

The direct appeal raises two issues: the court's denial of certification of all nonresident class members, and its refusal to certify a class of residents of North Dakota. The cross-appeal raises the third issue, whether the court abused its discretion in certifying the class statewide in Iowa and expanding the products involved.

Trial courts are vested with broad discretion in the certification of class actions. *Kramersmeier v. R.G. Dickinson & Co.*, 440 N.W.2d 873, 875 (Iowa 1989); *Vignaroli v. Blue Cross*, 360 N.W.2d 741, 743–44 (Iowa 1985). Our review is limited to determining whether that discretion was abused, *Vignaroli*, 360 N.W.2d at 743, *i.e.*, that the district court's decision was based on grounds that are clearly untenable or unreasonable. *Kramersmeier*, 440 N.W.2d at 875.

I. Iowa Rule of Civil Procedure 42.6 provides this with respect to jurisdiction for multistate classes:

*a.* A court of this state may exercise jurisdiction over any person who is a member of the class suing or being sued if:

(1) *A basis for jurisdiction exists or would exist in a suit against the person under the law of this state;* or

(2) The state of residence of the class member, by class action law similar to subdivision "*b*", has made its residents subject to the jurisdiction of the courts of this state.

*b.* A resident of this state who is a member of a class suing or being sued in another state is subject to the jurisdiction of that state if by similar class action law it extends reciprocal jurisdiction to this state.

(Emphasis added.)

The district court refused the plaintiffs' request to certify a nationwide class because the plaintiffs had failed to establish a "minimum contact" basis of jurisdiction under rule 42.6(a)(1). *See Kramersmeier*, 440 N.W.2d at 875–76. The plaintiffs argue that this was error, on constitutional grounds. They contend that an interpretation of this rule so as to require traditional minimum contact requirements to class action plaintiffs denies potential plaintiffs their rights under the federal and state

constitutions. The privileges and immunity, equal protection, and due process clauses of both constitutions are implicated, they argue. They cite *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985).[1]

■ The defendants respond that the plaintiffs have waived their constitutional arguments by failing to raise them in the district court. The plaintiffs reply that they raised the constitutional arguments in their motion under rule of civil procedure 179(b) to enlarge the court's ruling. We do not agree. In the plaintiffs' motion, they merely cited the *Phillips Petroleum* case and stated "the district court should treat as invalid Iowa Rule of Civil Procedure 42.6 to the extent that it requires minimum contacts of class action plaintiffs."

This oblique reference to constitutional rights is not specific enough to alert the district court to the issue. This reference to *Phillips Petroleum* states no grounds on which such an interpretation would be "invalid." It does not refer to any of the specific grounds of unconstitutionality that the plaintiffs rely on now; in fact, the motion does not even request the court to find that such an interpretation is unconstitutional at all. We agree that the constitutional arguments have been waived.

■ The plaintiffs' alternative argument, that all nonresident plaintiffs satisfy traditional minimum contact jurisdictional requirements, is also rejected. Most of the potential nonresident plaintiffs did nothing more than purchase products manufactured in Iowa. Many of them had no contacts at all with Iowa, dealing strictly through intermediary distributors of the products. These potential plaintiffs are merely passive purchasers whose relationship with Iowa cannot constitute minimum contacts under traditional jurisdictional standards. *See Al–Jon, Inc. v. Garden Street Iron & Metal, Inc.*, 301 N.W.2d 709, 714 (Iowa 1981).

■ II. In the plaintiffs' second ground for appeal, and in the defendants' cross-appeal, the parties challenge the scope of the certification order on nonconstitutional grounds. The plaintiffs claim the court should have at least certified all plaintiffs in North Dakota because of the reciprocity provisions of Iowa Rule of Civil Procedure 42.6(a)(2). North Dakota, they argue, is the only state besides Iowa that has adopted the Uniform Class Action Rule. *See* N.D.R.Civ.P. 23.

The defendants argue that the plaintiffs (1) did not specifically request a subclass of North Dakota residents, (2) failed to plead and prove North Dakota's reciprocal rule, (3) failed to request a specific ruling on the issue in their rule 179(b) motion, and (4) failed to present evidence that any class members resided in North Dakota.

As to the preservation of error in the district court, the plaintiffs contend that they raised the reciprocity provision of rule 42.6 and thus the North Dakota argument, in their brief filed in support of their request for "nationwide class certification." We do not believe this was sufficient. The plaintiffs did not specifically request a class of North Dakota residents, and they concede that North Dakota was not mentioned in the evidentiary record. We hold it was not an abuse of discretion for the court to refuse certification of a class of North Dakota residents under these circumstances.

■ In a related issue, the defendants claim in their cross-appeal that the court improperly expanded the original scope of the class action by (1) expanding the types of products involved; (2) expanding the class of plaintiffs statewide, thus expanding the number of plaintiffs originally certified; and (3) adding "users" to the class previously limited to "purchasers and owners."

We agree that all of these rulings were well within the broad discretion accorded to the district court.

**AFFIRMED ON BOTH APPEALS.**

---

1. The plaintiffs do not argue that the court erred in its interpretation of rule 42.6(a)(1) in such a way as to require minimum contacts as a prerequisite to certification, as opposed to jurisdiction to enforce an eventual judgment against a plaintiff in the class action. We therefore do not address that issue.

CARTER, Justice (concurring specially).

I concur in the majority opinion on the issues raised in this case. In so doing, I do not intend to suggest that the identification of those potential class members who have minimum contacts with the state should be a prerequisite to class certification.