# IN THE COURT OF APPEALS OF IOWA

No. 14-0875
Filed June 10, 2015

**JEFF LEBECK,**
     Plaintiff-Appellant,

**vs.**

**MARION COUNTY SHERIFF,**
     Defendant-Appellee.
_____

Appeal from the Iowa District Court for Marion County, Gregory A. Hulse, Judge.

A Marion County resident, who was denied a permit to carry a concealed weapon by the sheriff because of a misdemeanor assault conviction, appeals a judicial review order affirming an administrative law decision. **AFFIRMED**.

John H. Judisch of Stuyvesant, Benton & Judisch, Carlisle, for appellant.

Ed Bull, County Attorney, and Benjamin P. Hayek, Assistant County Attorney, for appellee.

Heard by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, P.J.**

This is an administrative appeal from a sheriff's denial of a concealed weapon permit based on the applicant's conviction for "a misdemeanor crime of domestic violence" under Iowa Code section 724.26(2)(c) (2013). Marion County resident Jeff Lebeck argues the county did not present clear and convincing evidence before the administrative law judge (ALJ) to show the sheriff had probable cause to reject Lebeck's permit application. *See* Iowa Code § 724.21A(5). Lebeck also alleges a violation of his due process rights.

Lebeck's appeal is governed by Iowa Code section 17A.19(10), the judicial review provisions of the Iowa Administrative Procedures Act. *Id.* § 724.21A(4). He would be entitled to relief if the ALJ's decision was based on an unconstitutional provision of law or was not supported by substantial evidence. *See id.* § 17A.19(10)(a), (f). Because Lebeck has not established he is entitled to relief under either of those grounds, we affirm the ALJ decision and the district court's judicial review order.

## I.    Background facts and proceedings

On February 25, 2013, Lebeck applied to the Marion County Sheriff for a nonprofessional permit to carry weapons under Iowa Code sections 724.7 and 724.11. Chief Deputy Troy Fisher processed the application for the sheriff's office. The deputy complied with section 724.10(2) by performing a background check on Lebeck. Fisher discovered Lebeck had been charged with domestic abuse simple assault under section 708.2A in September 2010. In November

2010, Lebeck pleaded guilty to simple misdemeanor assault, without the domestic element, in violation of section 708.2(6).

Upon finding the assault conviction on Lebeck's record, Fisher sought out the court file to see if Lebeck's offense qualified as a "misdemeanor crime of domestic violence" under section 724.26(2)(c). Fisher read the complaint and affidavit filed by a Knoxville police officer. The complaint began: "I, the undersigned, being duly sworn, state that the following facts known by me or told to me by other reliable persons form the basis for my belief the Defendant committed this crime." The complaint then recited the following facts:

> On 09-06-10 at app. 0909 hrs Knoxville officers responded to a domestic situation at 706 N. 2nd St. Knoxville, Iowa. Upon arrival Officers spoke to a Robyn Neer and a Jeffery Lebeck. Ms. Neer advised she has resided with Mr. Lebeck for app. 1 1/2 years and that the relationship between her and him had ended several months prior but they were still living together. Ms. Neer stated she had purchased a home and had plans to move to that home. Ms. Neer stated she left for the weekend of 09-03-10 and did not answer any phone calls from Mr. Lebeck. Ms. Neer stated upon her return home to 706 N. 2nd, prior to Officers arrival, she found most of her personal items in the garage and some in the home yet. Ms. Neer stated she tried to enter the home to see what was left in the home, when Mr. Lebeck became physical and threw her into the door and grabbed her by her upper arms and forced her out the door.
> Mr. Lebeck told responding Officers that he had to physically block her from entering the home. Officers requested a statement from Mr. Lebeck. Mr Lebeck turned in a statement on 09-13-10 stating he met Ms. Neer at the front door and was exiting the home and attempting to shut the door behind himself when she bumped into him.
> Officers were investigating the assault over the next few days and were called by Ms. Neer to show Officers small bruise marks on her upper arms from where she said Mr. Lebeck grabbed her.

The cohabitation between Lebeck and the assault victim asserted in the sworn statement by a fellow peace officer satisfied Chief Deputy Fisher that Lebeck's offense disqualified him from possessing a firearm under section 724.26(2). On March 1, 2013, Fisher wrote to Lebeck informing him that his application for a concealed weapons permit was denied. Fisher's letter explained: "Your criminal background check indicates that in 2010 you were charged with domestic abuse assault—Iowa Code 708.A(2)(A) that was pled down to a simple assault—Iowa Code 708.2(6) case # SMAC013820. This conviction disqualifies you from obtaining a permit to carry under Iowa law."

Following the procedure in Iowa Code section 724.21A(1), Lebeck sought review of the sheriff's denial before an ALJ in the department of inspections and appeals. In a March 22, 2013 letter, Lebeck's counsel argued the sheriff's denial of a permit to carry a concealed weapon was "in error, contrary to law and a violation of Mr. Lebeck's constitutional rights under the Due Process Clauses of the 5th and 14th Amendments of the United States Constitution." The letter asserted the sheriff reached an unsupported finding that Lebeck was subject to the provisions of section 724.26(2). The letter contended Lebeck was denied due process by the deputy's reliance on the criminal complaint to conclude the victim of Lebeck's assault was someone with whom he had a domestic relationship. The letter also noted the plea and sentencing order did not show Lebeck was represented by counsel or waived that right.

The Marion County Attorney filed a response on May 7, 2013, contending Lebeck's 2010 simple misdemeanor assault conviction constituted a

"misdemeanor crime of domestic violence" which disqualified him from obtaining a concealed weapons permit under section 724.8(4). The county attorney argued that under section 724.21A(5), the deputy needed only probable cause—not proof beyond a reasonable doubt—to believe Lebeck had a domestic relationship with his assault victim. The county attorney further argued the deputy developed probable cause by reviewing the sworn complaint from the court file.

An ALJ held a contested case hearing on May 8, 2013. The only witness was Chief Deputy Fisher. Based on the deputy's testimony, the ALJ concluded the sheriff proved by clear and convincing evidence that Lebeck was ineligible to carry weapons because he was subject to the provisions of section 724.26.

Lebeck sought judicial review under section 724.21A(4). His petition raised the following points: (1) his application was denied without proof beyond a reasonable doubt that he committed domestic abuse assault; (2) the sheriff was not authorized to impute facts from the preliminary complaint; and (3) as a result of the sheriff's conduct, Lebeck was deprived of his constitutional right to bear arms, his right to due process, and his right to equal protection.

The district court held a hearing on March 14, 2014. In its April 28, 2014 ruling, the district court characterized Lebeck's argument as follows:

> Petitioner claims that the County failed to prove or establish three things: that a domestic relationship existed between him and the victim beyond reasonable doubt; that there was any evidence that the Petitioner was represented by counsel or knowingly waived his right to counsel; or that there was any proof that the Petitioner waived his right to a trial by jury on the underlying offense of domestic abuse which was amended to simple assault.

After conducting a thorough and careful analysis of those claims, the district court concluded "there was substantial evidence to support the ALJ's findings of fact, she did not misinterpret the law and her application of the law was not wholly unreasonable or irrational." The court also rejected Lebeck's substantive and procedural due process claims.

Lebeck now appeals the district court's judicial review order.

## II.    Scope and Standards of Review

This appeal is governed by chapter 17A. Iowa Code § 724.21A(4). In contested cases involving permits to carry weapons, the burden is on the sheriff to show by clear and convincing evidence that the written statement of reasons constituted probable cause to deny an application. *Id.* § 724.21A(5). Clear and convincing evidence means "there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence." 481 Iowa Admin. Code 11.13(724). "Probable cause" to deny an initial application for a permit to carry weapons "means a reasonable ground exists for supposing that the basis for the denial . . . is well-founded." 481 Iowa Admin. Code 11.12(724).

We examine a district court decision reviewing agency action to decide if the court correctly applied the law. *See Chartis Ins. v. Iowa Ins. Comm'r*, 831 N.W.2d 119, 123 (Iowa 2013). We apply the standards in section 17A.19(10) to decide if we would reach the same result as the district court, which may grant relief if the agency action has prejudiced the substantial rights of the petitioner and the agency action is flawed under one of the criteria mentioned in section 10, subsections (a) through (n). *Id.*

Lebeck does not cite chapter 17A or specify what paragraph under section 17A.19(10) he is challenging on appeal. In setting out the standard of review, Lebeck asserts only that constitutional issues are reviewed de novo. The county does not address the standard of review in its brief.

A district court may grant relief when the agency action is "[u]nconstitutional on its face or as applied" or is "based upon a provision of law that is unconstitutional on its face or as applied." Iowa Code § 17A.19(10)(a). We assume this subsection is one basis for Lebeck's challenge. We review agency action involving constitutional issues de novo. *Chiodo v. Section 43.23 Panel*, 846 N.W.2d 845, 848 (Iowa 2014).

To the extent Lebeck is challenging the ALJ's factual determinations, we review the ruling for substantial evidence based on the record reviewed as a whole. *See* Iowa Code § 17A.19(10)(f). Substantial evidence is:

> the quantity and quality of evidence that would be deemed sufficient by a neutral, detached, and reasonable person, to establish the fact at issue when the consequences resulting from the establishment of that fact are understood to be serious and of great importance.

*Id.* § 17A.19(10)(f)(1); *see Travelers Indem. Co. v. Comm'r. of Ins. of State*, 767 N.W.2d 646, 651 (Iowa 2009).

## III. Statutes determining eligibility for weapons permit

To carry a concealed weapon in Iowa, a person must have a permit. Iowa Code §§ 724.4(4)(i), 724.5. Professional permits are issued for people who carry weapons as part of their employment, such as private investigators, security guards, and peace officers. *Id.* § 724.6. Nonprofessional permits may be sought

by any person who is not disqualified under section 724.8[1] and who satisfies training requirements under section 724.9. *Id.* § 724.7. A nonprofessional permit seeker must apply to the sheriff of the county where the person resides. *Id.* § 724.11(1).

Upon receiving the application, the sheriff shall conduct a criminal background check concerning the applicant. *Id.* § 724.10(1). If the background check reveals the applicant is subject to the provisions of section 724.26,[2] the person is disqualified from receiving a permit. *Id.* § 724.8(4). But if the applicant is not disqualified under any of the provisions in section 724.8 and has satisfied certain training requirements, the sheriff must issue the permit. Iowa Code § 724.7.

Within thirty days of receiving the application, the sheriff must approve or deny it. *Id.* § 724.11(4). A denial must be communicated to the applicant by a written statement of reasons. *Id.* § 724.21A(1). An applicant who receives such a denial may appeal to an ALJ in the department of inspections and appeals. *Id.* The ALJ shall hold a contested case hearing pursuant to chapter 17A. *Id.*

---

[1] This provision lists six disqualifiers: (1) a person is less than twenty-one years of age; (2) a person is addicted to alcohol; (3) probable cause exists to believe, based upon documented specific actions of the person, where at least one of the actions occurred within two years immediately preceding the date of the permit application, that the person is likely to use a weapon unlawfully or in such other manner as would endanger the person's self or others; (4) the person is subject to the provisions of section 724.26; (5) the person has, within the previous three years, been convicted of any serious or aggravated misdemeanor defined in chapter 708 not involving the use of a firearm or explosive; and (6) the person is prohibited by federal law from shipping, transporting, possessing, or receiving a firearm. *See* Iowa Code § 724.8

[2] Section 724.26 outlines prohibitions on possession of firearms by felons and persons who have committed "misdemeanor crimes of domestic violence" or are subject to certain protective orders. A misdemeanor crime of domestic violence is defined in section 724.26(2)(c).

§ 724.21A(3). At that hearing, the sheriff has the burden to show by clear and convincing evidence that his written statement of reasons for the denial constituted probable cause to deny the application. *Id.* § 724.21A(5). If after the hearing, the ALJ upholds the sheriff's denial of the permit, the unsuccessful applicant has the right to judicial review in accordance with chapter 17A. *Id.* § 724.21A(4).

## IV. Analysis of Lebeck's claims

Lebeck organizes his appellate brief into three assignments of error. He first alleges the district court erred in finding the sheriff presented clear and convincing evidence the deputy's reason for denying the permit constituted probable cause to reject an application. In that same issue, Lebeck alleges his due process rights were violated because the denial was based upon "mere probable cause." In his second issue, he alleges his rights under the due process clause, equal protection clause, and the Second Amendment were violated by the denial of his permit based on a conviction for which there was no showing he was represented by counsel or knowingly waived that right, or had the right to a jury trial and knowingly waived that right. In his third issue, he alleges those same constitutional violations related to the lack of a showing that his conviction was for an assault under section 708.1, subsection 2, paragraph "a" or "c." We will address each of his issues in turn.

### A. Probable cause requirement

Lebeck's first complaint focuses on the sheriff's proof of the domestic relationship underlying his assault conviction. Section 724.21A(5) sets out a two-

layered standard of review for appeals to the ALJ from a sheriff's permit denial. The sheriff has the burden to show by clear and convincing evidence that his statement of reasons constituted probable cause to deny the application. The administrative rules define both "clear and convincing" and "probable cause." *See* 481 Iowa Admin. Code r. 11.12(724), 11.13(724).

Lebeck contends in his brief that the sheriff was required to establish the existence of a domestic relationship "by clear and convincing evidence such that it constituted probable cause for Deputy Fisher to deny" Lebeck's application. Lebeck mismatches the standards. We read probable cause as the threshold requirement for the permit denial: the sheriff's grounds for denial must be reasonable and substantiated by the facts. At the hearing before the ALJ, the sheriff must present clear and convincing evidence, that is, evidence which leaves no room for serious or substantial doubt about the existence of probable cause for the denial.

Deputy Fisher based the denial on Lebeck's 2010 assault conviction. People who have been convicted of a misdemeanor crime of domestic violence are ineligible for a permit. Iowa Code §§ 724.8(4), 724.26(2). A misdemeanor crime of domestic violence is defined as:

> [A]n assault under section 708.1, subsection 2, paragraph 'a' or 'c', committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

Id. § 724.26(2)(c).[3]

Deputy Fisher determined Lebeck's conviction was for a misdemeanor crime of domestic violence by reviewing the criminal complaint and affidavit in the underlying case. The facts in that complaint, sworn by a fellow officer whom Fisher testified that he knew and trusted, revealed police officers responded to a "domestic" call at Lebeck's house. His former live-in girlfriend Robyn Neer was collecting her belongings from the garage. Neer told the officers she had lived with Lebeck for eighteen months. She said as she was moving out Lebeck "became physical" and threw her against a door. She later showed the officers bruises on her arms to corroborate her report. Lebeck gave police a different version of the physical contact, but did not deny the domestic nature of the relationship.

Both the ALJ and the district court on appeal found the deputy was entitled to rely on the complaint to establish the domestic relationship. Lebeck attacks that reliance, arguing: "A mere recitation of a sentence in a preliminary complaint authored by another officer with a different law enforcement agency should not warrant probable cause for the basis of a denial of Appellant's application."

We are not persuaded by Lebeck's attack on the deputy's probable cause determination. A person can be subject to section 724.26 and, thus ineligible for a weapons permit, even if the underlying misdemeanor assault did not involve a domestic relationship as a defining element. *See United States v. Hayes*, 555

---

[3] Analyzing identical language in the federal definition, the Eighth Circuit held abuse perpetrated on a live-in girlfriend is domestic abuse committed "by a person similarly situated to a spouse" for purposes of 18 U.S.C. sections 922(g)(9) and 921(a)(33)(A)(ii). *Buster v. United States*, 447 F.3d 1130, 1133 (8th Cir. 2006).

U.S. 415, 421 (2009) (upholding firearms possession violation under 18 U.S.C. § 922(g)(9) though predicate offense was for generic battery under state law). In the administrative permit process, the sheriff's office was required to develop a well-founded, reasonable belief that in committing a misdemeanor assault Lebeck used physical force against a victim with whom he had a domestic relationship—even if his guilty plea did not require a factual basis that such a relationship existed. The sworn complaint provided probable cause sufficient to support the original charge, as well as for the denial of the permit.

Lebeck further argues that even if the deputy's efforts satisfied probable cause, that standard sets the bar too low for due process purposes. Lebeck claims it "not uncommon" for victims to "exaggerate or embellish" the relationship in a domestic assault prosecution, and the probable-cause standard would allow a peace officer to "falsely conclude" grounds existed to deny a concealed weapon permit. We do not find Lebeck's argument convincing. If such misinformation were included in the record, the permit applicant could present evidence rebutting the sheriff's position at the contested case hearing. The clear and convincing evidence standard would require the ALJ to consider any countervailing evidence in support of the applicant. Iowa Code §§ 17A.12, 724.21A(3), (5). Lebeck had the right to be heard as required by procedural due process. Lebeck has not shown the probable cause standard applied to the sheriff's reasons for denial violated his constitutional rights.

**B.     Representation by counsel and right to jury trial**

Lebeck next argues his procedural due process rights[4] were violated by the county's failure to show Lebeck was represented by counsel or knowingly waived his right to counsel when he pleaded guilty to the simple misdemeanor assault.  Lebeck also contends the county did not establish he waived his right to a jury trial in the underlying prosecution.

Lebeck's argument finds its source in the federal statute defining "misdemeanor crime of domestic violence."  *See* 18 U.S.C. § 921(a)(33)(A)(ii). That provision includes the same definition of a misdemeanor crime of domestic violence as in Iowa Code section 724.26(2)(c), but further provides:

> A person shall not be considered to have been convicted of such an offense for purposes of this chapter, unless—(I) the person was represented by counsel in the case, or knowingly and intelligently waived the right to counsel in the case; and (II) in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either (aa) the case was tried by a jury, or (bb) the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

18 U.S.C. § 921(a)(33)(B).

Before the district court, Lebeck asserted the county did not establish the counsel or jury trial elements were satisfied in the prosecution of his

---

[4] Lebeck's appellate brief also mentions his constitutional rights under the equal protection clause and the Second Amendment.  The judicial review order did not analyze an equal protection claim and Lebeck did not seek to expand the ruling.  Accordingly, the equal protection issue is not preserved for our review.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").  The judicial review order discussed Lebeck's rights under the Second Amendment as a component of its due process analysis, and that is how Lebeck's counsel presents that issue on appeal.  Accordingly, we will not engage in a separate analysis under the Second Amendment.

misdemeanor assault offense. The district court ruled Lebeck was "arguing for a requirement not found in the [state] statute." The court concluded the Iowa legislature did not incorporate the right-to-counsel and right-to-jury-trial requirements from section 921(a)(33)(B) in the federal statute. We agree with the district court's conclusion. The definition in section 724.26(2)(c) does not require proof regarding a defendant's right to counsel or waiver or right to jury trial or waiver to show a valid conviction for a misdemeanor crime of domestic violence for purposes of the state statute. Section 921(a)(33)(B) limits the reach of the counsel and jury trial requirements by using the language "for the purposes of this chapter"—so the federal requirements do not apply to state proceedings by virtue of the cross reference in Iowa Code section 724.26(2)(a).

On appeal, Lebeck acknowledges "neither of the safeguards required by federal statute apply to the Iowa process." He argues the absence of those safeguards risks an "erroneous deprivation" of his Second Amendment right to bear arms. The district court noted the safeguards under section 921(a)(33)(B) have been recognized by the Eighth Circuit as a statutory requirement only, and not as a constitutional mandate. *See United States v. Bena*, 664 F.3d 1180, 1186 (8th Cir. 2011). We agree with the district court's analysis on this point and adopt it as our own. Lebeck is not entitled to relief on this issue.

### C. Proof of assault alternative

In his third assignment of error, Lebeck argues his equal protection rights were violated because the preliminary complaint leading to the predicate misdemeanor assault conviction did not specify whether he was being charged

under section 708.1(2)(a) or (b). Subsection (a) can form the basis for a misdemeanor crime of domestic violence because it has an element of physical force, while subsection (b) does not.[5] *See* Iowa Code § 724.26(2)(c). The ALJ quoted the complaint, which included an allegation that Lebeck "became physical and threw [the victim] into the door and grabbed her by her upper arms and forced her out the door." The district court did not address an equal protection claim, nor did it directly address the uncertainty of which assault alternative was the subject of the charge and conviction.

Iowa Rule of Appellate Procedure 6.903(2)(g)(1) requires appellants to state how the issues being raised were preserved for appellate review, "with references to the places in the record where the issue was raised and decided." Lebeck's appellate brief does not do refer to any place in the record where this equal protection claim was decided. Accordingly, we give this issue no consideration. *See Runyon v. Kubota Tractor Corp.*, 653 N.W.2d 582, 584 (Iowa 2002) (deeming issue waived when appellant did not state how or where constitutional claim was raised in the trial court).

**AFFIRMED.**

---

[5] Iowa Code section 708.1(2)(a), (b) provides:

> A person commits an assault when, without justification, the person does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.