# IN THE COURT OF APPEALS OF IOWA

No. 18-1750
Filed February 19, 2020


IN THE MATTER OF THE MATTHEW BRANDON WALTMAN IRREVOCABLE TRUST n/k/a RICHTER FAMILY FARM TRUST UNDER AGREEMENT DATED December 3, 2012

MATTHEW B. WALTMAN,
      Plaintiff-Appellee,

vs.

KAREN RICHTER NUTKIEWICZ, Individually, and as TRUSTEE OF RICHTER FAMILY FARM TRUST,
      Defendant-Appellant,

and

GARY D. RICHTER, Individually, as TRUSTEE OF THE RICHTER FAMILY FARM TRUST, and as TRUSTEE OF THE DONALD E. RICHTER AND LAVONNE RICHTER IRREVOCABLE TRUST; KATHY A. RICHTER, individually, and as TRUSTEE OF THE RICHTER FAMILY FARM TRUST; and DONALD R. RICHTER and LAVONNE RICHTER IRREVOCABLE TRUST UNDER AGREEMENT DATED January 12, 2001,
      Defendants.

_____


      Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.


      A trust beneficiary appeals district court orders refusing to reconsider its denial of her request to invalidate a modification agreement. **AFFIRMED.**

Karen Richter Nutkiewicz, Moorpark, California, self-represented appellant.

Larry F. Woods, Oelwein, for appellee Matthew B. Waltman.

Robert S. Hatala of Simmons Perrine Moyer Bergman PLC, Cedar Rapids, and Matthew L. Preston and Ann C. Gronlund of Brady Preston Gronlund PC, Cedar Rapids, for Gary D. Richter.

Michael A. Dee, Robert D. Hodges, and James W. White of Brown, Winick, Graves, Gross, Baskerville & Schoenebaum, P.L.C., Des Moines, for appellee Kathy A. Richter.

Considered by Tabor, P.J., and Mullins and May, JJ.

**TABOR, Presiding Judge.**

Beneficiary Karen Richter Nutkiewicz seeks to invalidate a September 2018 court order approving a plan to make property distributions and then terminate a family farm trust.[1] Karen twice filed motions to reconsider the district court's order, contending she did not receive "any notice whatsoever" of the September 10 hearing on trust matters. The district court refused to reconsider its ruling. Karen appeals that refusal. Because we find no error in the district court's analysis of the notice and service provided to Karen and her former counsel, we affirm.

## I.      Facts and Prior Proceedings

This case stems from the Donald E. Richter and Lavonne Richter Irrevocable Trust ("land trust"). Donald and Lavonne had three children: Gary, Kathy, and Karen. The three siblings were beneficiaries of that land trust. Gary was appointed as trustee.

The land trust provided for terminating distributions once each beneficiary reached the age of fifty-five. Donald, Lavonne, and their children executed a modification agreement in January 2006 purporting to extend the age to sixty-five when each beneficiary could receive his or her terminating distribution. Matthew Waltman, Kathy's son, held a vested remainder interest in the land trust and had reached the age of majority but did not sign the modification agreement. Karen's three children also held vested remainders in the land trust but were minors in 2006. No one represented the interests of the minor beneficiaries in connection with the modification agreement. Gary and Kathy later acknowledged the

---

[1] Because several parties share the same last name, our opinion will use first names for clarity.

agreement failed to comply with Iowa Code section 633A.2203 (2018), which governs the termination and modification of irrevocable trusts. After this acknowledgment, both siblings filed a joint motion to invalidate the modification agreement and order terminating distributions from the land trust immediately.

Gary and Kathy agreed to a plan that would terminate the land trust by making equal distributions to each of the three beneficiaries once the court declared the 2006 modification invalid. Anticipating a dispute over the distribution, the parties scheduled a two-day mediation session. Gary contends he spoke with Karen several times before the mediation. He notified Karen ahead of the session, but she refused to attend. She also declined to have her attorney attend. The mediation occurred in June 2018 without Karen. Both Gary and Kathy attended and reached an agreement.

In August 2018, Kathy and Gary (as trustee and individual beneficiary) submitted their joint motion to the district court asking to invalidate the 2006 modification agreement and requesting approval of their termination plan. That same month, the Court ordered the parties to do the following:

> 1. The Parties are directed to serve notice of the Joint Motion and this Order upon the Land Trust beneficiaries on or before August 16, 2018. The Parties may serve such notice via email.
> 2. Any and all objections to the Joint Motion must be filed with the Court no later than September 6, 2018, or be forever barred.
> 3. Hearing on the Joint Motion shall be Monday, September 10, 2018, at 9:00 a.m., at the Black Hawk County Courthouse in Waterloo, Iowa. A half day of court time is allotted for this hearing.

The clerk delivered the order to the parties through the judicial branch's electronic document management system (EDMS).

None of the beneficiaries objected by the district court's September 6 deadline. After the September 10 hearing, the court entered an order granting Kathy and Gary's joint motion to invalidate the modification agreement and approving termination of distributions from the land trust.

About two weeks later, on September 25, Karen—representing herself—moved to reconsider the court's order. Karen asserted she received no notice of the proceedings. She filed a declaration stating Gary contacted her to ask whether she had received "anything from his lawyer" and she advised him that she had not. Karen claimed her email account was not disabled yet she did not receive notice. She confirmed two of her three children did receive email notice but were unable to respond because one was out of the country and another was moving to a college apartment.

On September 26, the district court denied Karen's motion to reconsider. The district court emphasized that Karen's attorney, Matthew Gardner, received EDMS notification from the clerk's office. Attorney Gardner had not yet moved to withdraw so he remained Karen's attorney of record. The court also highlighted that Kathy's attorney, Mike Dee, served Karen and her children by first class mail, and Gary's attorney, Robert Hatala, submitted an affidavit alleging service upon two of Karen's children. The next day, attorney Gardner filed a motion to withdraw as Karen's counsel. The district court granted Gardner's motion.

On October 2, 2018, Karen filed another motion to reconsider. This time Karen alleged her siblings attempted service at an address in West Lake Village, California, where she had not lived since 2011. Karen also blamed attorney Gardner for failing to notify her of the ongoing proceedings and failing to timely

withdraw. Gary resisted the motion to reconsider, contending Karen continued to provide the West Lake Village address to the court. The district court denied the second motion to reconsider with no additional explanation. Karen now appeals.

## II.    Scope and Standards of Review

Proceedings concerning trusts are tried in equity. *See* Iowa Code § 633A.6101 (giving probate court subject matter jurisdiction over "proceedings concerning the internal affairs of a trust"). We review equity cases de novo. *In re Tr. No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013). When assessing factual findings, particularly on witness credibility, we give them weight, but they are not binding on us. *Id.* We review the district court's interpretation of rules and statutes for correction of legal error. *Id.*

## III.    Analysis

As a self-represented litigant, Karen contends the district court violated her right to due process by refusing to reconsider its order granting her siblings' motion to invalidate the modification agreement. She argues she was "not given proper notice of the motion and was essentially defaulted when the court granted the motion." Karen also alleges the district court erred in finding that her siblings properly served her with their motion.

Before reaching the merits of Karen's claims, we address error preservation. That task is difficult because her appellant's brief fails to include "[a] statement addressing how the issue was preserved for appellate review, with references to the places in the record where the issue was raised and decided." Iowa R. App. P. 6.903(2)(g)(1). Failure to comply with the rules of appellate procedure may lead to summary disposition of an appeal. *See Hanson v. Harveys*

*Casino Hotel*, 652 N.W.2d 841, 842 (Iowa Ct. App. 2002). But where an omission does not hinder our consideration of the issue raised, we will decide it on the merits. *See State v. Stoen*, 596 N.W.2d 504, 507 (Iowa 1999). On Karen's due process contention, we cannot find in the record where she received a ruling on a constitutional claim. Thus we deem that issue waived and, accordingly, give it no further consideration. *See Runyon v. Kubota Tractor Corp.*, 653 N.W.2d 582, 584 (Iowa 2002). On her claim regarding proper service, we overlook the rule violation and proceed to the merits.

On the service issue, Gary defends the district court's rulings.[2] He notes attorney Gardner represented Karen "at all relevant times before and during the September 10, 2018 hearing." And as the district court determined, Karen "received proper notice through counsel via EDMS." To support his position, Gary relies on Iowa Rule of Civil Procedure 1.442(2), Iowa Rule of Electronic Procedure 16.315(1)(b), and Iowa Code section 633A.1109(1).[3]

Rule 16.315(1)(b) states:
> When a document is electronically filed, EDMS serves the document on all parties who are registered filers. *See* rule 16.201(11) (definition of "electronic service"). Service occurs by the posting of a notice of electronic filing or presentation into the filer's EDMS account along with a link to the document or documents presented or filed. The posting of the notice of electronic filing or presentation constitutes service of the document for purposes of the Iowa Court Rules. No other service on those parties is required.

---

[2] Kathy joins the appellee's brief filed by Gary's counsel.

[3] The trust code specifically describes methods of notice and document delivery. *See* Iowa Code § 633A.1109. That section allows notice, including notice of a judicial proceeding, to be "accomplished in a manner reasonably suitable under the circumstances and likely to result in receipt of the notice or document." *Id.* § 633A.1109(1). "Permissible methods of giving notice or sending a document include first-class mail, personal delivery to a person's last known place of residence or place of business, or by properly directed electronic mail." *Id.*

The district court's August 2018 order directed Gary and Kathy to serve notice of their joint motion and the court's order on the land trust beneficiaries. That order allowed the parties to "serve such notice via email." Under Iowa Rule of Civil Procedure 1.442(2), "[s]ervice upon a party represented by an attorney shall be made upon the attorney unless service upon the party is ordered by the court."

As Gary contends on appeal, it is undisputed that attorney Gardner received timely notice of the joint motion and the court's order setting hearing through EDMS under rule 16.315(1). Service upon attorney Gardner was proper.[4] Because Karen's attorney of record received notification in compliance with the EDMS rules, we affirm the district court's denial of her motions to reconsider.

**AFFIRMED.**

---

[4] The record shows Gardner was in contact with Karen. When Karen filed her declaration with the court, she included an email exchange with Gardner. That exchange revealed Gardner forwarded Karen an email from attorney Hatala, who represented Gary. That August 17 email stated: "As you know, Gary and Kathy have filed a joint motion with the court asking the court to approve a proposed distribution of the Land Trust property." So Karen was not in the dark about the trust proceedings.